UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| E.Z, a Minor, by his Mother and Next Friend, NICOLE BRAUN; NICOLE BRAUN, Individually; EDWARD ZIEMBA, Individually,<br><br>Plaintiffs,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA, VHS WEST SUBURBAN MEDICAL CENTER, INC., d/b/a WEST SUBURBAN MEDICAL CENTER, a Corporation, MEGHAN CHILDS, R.N., and LINDA ANDRUS, R.N.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) No. 17 cv 00216<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT WEST SUBURBAN MEDICAL CENTER'S OBJECTION TO PLAINTIFFS' MOTION TO REQUIRE COMPLIANCE AND MEMORANDUM IN SUPPORT (Document Nos. 107 and 109)**

Defendant, VHS WEST SUBURBAN MEDICAL CENTER, INC., d/b/a WEST SUBURBAN MEDICAL CENTER ("West Suburban"), and its counsel Carmel M. Cosgrave and Emily L. Berris of the law firm SmithAmundsen, LLC, hereby object to Plaintiffs' Motion to Require Compliance and the Memorandum in Support (Document Nos. 107 and 109) for the following reasons:

1. On October 20, 2018, the court entered a sealed order approving the settlement and distribution of settlement between Plaintiffs and Defendant West Suburban, which included a dismissal with prejudice as to Defendant West Suburban. (Document No. 94).

2. The court further dismissed the case in its entirety with prejudice on March 7, 2019, following a settlement with the remaining Defendant, The United States of America. (Document No. 105).

3. Because the court has entered two orders dismissing the case with prejudice, the Defendant West Suburban and its counsel object to Plaintiffs' Motion and Memorandum in Support as the court lacks jurisdiction to hear it. As stated in *Hill v. Baxter Healthcare Corp.*, "a case that is dismissed with prejudice is unconditional; therefore, it's over and federal jurisdiction is terminated." 405 F.3d 572, 576 (7th Cir. 2005).

4. Further, the court lacks an independent basis of federal jurisdiction in order to consider the Plaintiffs' Motion as any federal claims that existed pursuant to 28 U.S.C. § 1346(b)(1) against The United States of America were resolved and dismissed with prejudice on March 7, 2019. (Document No. 105). *Hill*, 405 F.3d at 577. Plaintiffs concede in their own Motion and Memorandum that the matter in dispute is already being considered in state court as a matter of state law, which does not involve a federal question. Therefore, supplemental jurisdiction does not exist here. *Id*. In fact, the documents at issue in Plaintiffs' instant motion are the subject of a pending proposed protective order in state court.

5. While the court may exercise discretion in considering whether to impose contempt sanctions even after the dismissal of the complaint, no violation of the court's orders has occurred necessitating the court's intervention. In fact, Plaintiffs' Motion and Memorandum grossly mischaracterizes the issues. Plaintiffs' Motion and Memorandum fail to identify what records are at issue in their Motion and fail to advise the court the records *were received from Plaintiffs' counsel,* not from a "covered entity". Instead, Plaintiffs misrepresent the records at issue and imply that Defendant is using E.Z.'s PHI in another matter. Nothing could be further from the truth.

6. The records at issue in the State Court action are an expert report and a test

2

result from the E.Z. matter that were *served by Plaintiffs' counsel* on February 13, 2018, to all defendants. Again, *the expert report was received from Plaintiffs' counsel as part of Rule Plaintiffs' Rule 26(a)(2)(B) Disclosures*. The documents pertaining to E.Z. at issue in the State court action are **not** materials received from a "covered entity" as defined by 45 CFR 160.103, and as set out in Agreed HIPAA Qualified Protective Order. The order of April 28, 2017, specifically provided:

> [6] This order shall not control or limit the use of "PHI" pertaining to E.Z. that comes into possession of any party, or any party's attorney, from a source other than a "covered entity" (as defined in 45 CFR 160.103);

(Document No. 27, para. 6.) Contrary to Plaintiffs' Motion and Memorandum, the source of the documents at issue, including the test result, was Plaintiffs' counsel, who is not a covered entity. Therefore, there has been no violation of a court order in this case or a violation of HIPAA as Plaintiffs have argued in their Motion.

7. What Plaintiffs are improperly attempting to do is obtain a ruling from the federal court on an issue pending before a state court judge in the Circuit Court of Cook County in an unrelated matter that is already set for hearing on the afternoon of August 14, 2019. It seems convenient that Plaintiffs filed this Motion and Memorandum at the eleventh hour and noticed it before this court for hearing in the morning on the same day that the same issues are being argued in state court in the afternoon. Defendant West Suburban objects to Plaintiffs' counsel's frivolous motion and veiled attempt to circumvent the jurisdiction of the state court in this manner.

WHEREFORE, the Defendant VHS WEST SUBURBAN MEDICAL CENTER, INC., d/b/a WEST SUBURBAN MEDICAL CENTER and its counsel Carmel M. Cosgrave and Emily Berris of the law firm SmithAmundsen, LLC, hereby object to Plaintiffs' Motion to Require

Compliance and their Memorandum in Support (Document Nos. 107 and 109) as the court lacks jurisdiction to hear the Motion following the dismissals with prejudice previously entered in this case and further requests the court strike Plaintiffs' Motion and Memorandum in their entirety.

    Respectfully submitted,

    s/Carmel M. Cosgrave
    Carmel M. Cosgrave – Bar No.: 0312700
    One of the Attorneys for VHS West Suburban Medical Center, Inc., d/b/a West Suburban Medical Center

Carmel Cosgrave (ARDC No. 03127000) - ccosgrave@salawus.com
Moses Suarez (ARDC No. 6304097) - msuarez@salawus.com
Emily Berris (ARDC No. 6316815) - eberris@salawus.com
SmithAmundsen LLC
150 North Michigan Ave., Ste. 3300
Chicago, IL 60601
(312) 894-3200