IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| E.Z., a Minor, by his Mother and Next Friend, NICOLE BRAUN; NICOLE BRAUN, individually; EDWARD ZIEMBA,<br><br>   *Plaintiffs*,<br><br>  v.<br><br>UNITED STATES OF AMERICA, VHS WEST SUBURBAN MEDICAL CENTER, INC. d/b/a/ WEST SUBURBAN MEDICAL CENTER, MEGHAN CHILDS, R.N., LINDA ANDRUS, R.N.,<br><br>   *Defendants*. | No. 17 C 216<br><br>Judge Virginia M. Kendall |

**MEMORANDUM ORDER AND OPINION**

On April 28, 2017, the Court entered an agreed protective order, which provided for limited authorized use and transmission of E.Z.'s (a minor) Protected Health Information ("PHI"). (Dkt. 27.) After the case had settled, Plaintiffs brought a motion for sanctions against West Suburban Medical Center ("WSMC") claiming that WSMC violated the agreed protective order. (Dkt. 107.) On November 27, 2019, finding that WSMC violated the protective order by disseminating a report that contained PHI to a Cook County Circuit Court judge and opposing counsel in unrelated state court birth defect litigation, the Court granted the motion for sanctions. (Dkt. 124.) As a sanction for violating the protective order, the Court ordered WSMC to pay three-times Plaintiffs' reasonable fees and costs associated with bringing the motion for sanctions. (*Id.*) Plaintiffs then provided the Court with an accounting of its fees. (Dkt. 125.) Defendants object to that accounting and filed a motion for the Court to reconsider the November 27, 2019 order

1

granting the motion for sanctions. For the reasons set forth below, the Court denies WSMC's motion for reconsideration (Dkt. 127) and orders WSMC to pay $72,000 to Plaintiffs as a sanction for violating the protective order.

**LEGAL STANDARD**

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus.*, 90 F.3d 1264 (7th Cir. 1996). This means that parties cannot use such motions to rehash "previously rejected arguments or argu[e] matters that could have been heard during the pendency of the previous motion." *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004). Repeating arguments that a party previously made is not sufficient to prevail on a motion for reconsideration, unless the Court misunderstood the arguments in the first instance. *Id.* The party seeking the Court's reconsideration must give the Court "a reason for changing its mind." *Id.*

**DISCUSSION**

**I.     WSMC Violated the Protective Order**

WSMC asks this Court to reconsider its November 27, 2019 order in which the Court held that by distributing a report written by Plaintiff's testifying expert, Dr. Burton, to a judge and opposing counsel in unrelated litigation in state court, WSMC violated this Court's protective order. WSMC asks the Court to reconsider this order on the same grounds that WSMC previously opposed sanctions; namely, WSMC argues that Dr. Burton was not a "covered entity" as defined by the protective order and therefore her expert report fell outside the bounds of the protective order's reach. This is a question of statutory and regulatory interpretation, and the Court continues to disagree with Plaintiff's implausible interpretation of the term "covered entity" under HIPAA and associated regulations. It is clear from the plain language of the definition of "covered entity"

found in 45 CFR § 160.103 that Dr. Burton is a covered entity. Accordingly, WSMC's claim that there was fair ground for doubt whether Dr. Burton qualified as a covered entity is without merit. WSMC has failed to satisfy its burden of giving this Court a reason to change its mind. The Court still holds that WSMC violated the protective order.

**II.     An Award of Three-Times Fees is Reasonable**

WSMC argues that the Court exceeded its authority in awarding three-times Plaintiffs' reasonable fees for bringing the motion for sanctions. In support of this argument, WSMC cites *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178 (2017), but WSMC's reliance on *Goodyear* is unavailing. The district court in *Goodyear*, having found that the defendant committed discovery fraud, awarded the plaintiffs all the costs they had incurred in the course of the litigation, rather than just the costs incurred on account of the discovery fraud. 137 S. Ct. at 1185. The Supreme Court reversed, holding that district courts must only order sanctions that serve to redress wronged parties for losses sustained. *Id.* at 1186. In other words, all sanctions must be compensatory in nature, not punitive. And a "sanction counts as compensatory only if it is 'calibrated to the damages caused by' the bad-faith acts on which it is based." *Id.* (quoting *Mine Workers v. Bagwell*, 512 U.S. 821, 834 (1994)). If an award "extends further than that—to fees that would have been incurred without the misconduct—then it crosses the boundary from compensation to punishment." *Id.*

WSMC argues that under *Goodyear*, this Court is not authorized to award any fees above and beyond the fees Plaintiffs incurred in bringing their motion for sanctions. If the Court were to read *Goodyear* as WSMC suggests, then the Court would be left without a means to make parties whole for harms caused by violations of Court orders.

This Court's award of three-times fees is compensatory in nature. This award compensates Plaintiffs for two costs that they have incurred. To wit, Plaintiffs incurred legal fees for having to bring the motion for sanctions, and Plaintiffs were harmed by WSMC's breach of the protective order. An award solely of fees associated with bringing the motion for sanctions would not make Plaintiffs whole. To the contrary, such an award would leave Plaintiffs in the same position they were in before they brought the motion for sanctions. The Court ordered the sanction of two additional multiples of those fees as compensation for the harm E.Z. sustained as a result of WSMC's violation of E.Z.'s rights under the protective order. In other words, the Court's order of triple the fees incurred for bringing the sanctions motion falls squarely within *Goodyear*'s requirement that sanctions be calibrated to the damages caused by the bad-faith acts on which they are based. If the Court were only permitted to order the payment of fees incurred in bringing the motion, then the underlying injury that Plaintiffs incurred through WSMC's violation of the protective order would be left unremedied. Contrary to WSMC's interpretation, *Goodyear* does not leave this Court without a means for making Plaintiffs whole. The Court therefore reaffirms the award of three-times the reasonable fees incurred by Plaintiffs in bringing the motion for sanctions.

### III. Plaintiffs' Accounting of Fees is Unsupported and Unreasonable

Having reaffirmed that WSMC violated the protective order and that the Court's award of three-times fees was warranted, the Court now considers the amount of legal fees Plaintiffs incurred.

Courts are required to make attorney's fee calculations based on the "lodestar" of hours reasonably spent multiplied by a reasonable hourly rate given the experience and reputation of the lawyers. *Johnson v. GDF, Inc.*, 668 F.3d 927, 929 (7th Cir. 2012). District courts have significant

discretion in determining what that lodestar is. *Id.* Where counsel fails to provide clear explanations of the work completed or the basis for the hourly rates charged, the Court has the discretion to reduce counsel's proposed compensation to an amount that it deems reasonable, in accordance with an appropriate market rate. *See, e.g.*, *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399, 409 (7th Cir. 1999) (affirming the district court's reduction of the lawyers' proposed fee by approximately 40%—from $190 to $115—where the lawyers provided nothing but self-serving affidavits in support of their proposed rates).

Plaintiffs submitted an accounting in which they claim to have incurred $108,858 in legal fees for bringing the motion for sanctions. In coming to this figure, Plaintiffs state that six attorneys worked on this motion for a total of 100.8 hours, and that those attorneys' billing rates range from $120 per hour to $2000 per hour. Plaintiffs offer no evidence that the attorneys' alleged rates are the rates that each attorney generally charges or that they are reasonable rates given each attorney's experience and reputation. *See Small v. Richard Wolf Med. Instruments Corp.*, 264 F.3d 702, 707 (7th Cir. 2001) (noting that a fee applicant must prove the market rate for services rendered). Plaintiffs' attorneys provided affidavits indicating that the information pertaining to them in the accounting is accurate, but they provide no basis for the Court to determine whether their proposed hourly rates are reasonable. Further, many descriptions of work completed by Plaintiffs' counsel are too brief to give the Court an understanding of the work the attorneys completed. For example, counsel billed a total of 31.2 hours to "review[ing] and discuss[ing]" exhibits, without any explanation as to the purpose or nature of the review and discussion or how each of the lawyers contributed to the review and discussion. Based on the limited information Plaintiffs' attorneys provided, it also appears that the attorneys engaged in duplicative work and that work on this

motion may have been overstaffed. In short, Plaintiffs provide the Court with no grounds for finding that their alleged rates or time entries are reasonable.

Here is what the Court does know. Plaintiffs' counsel filed the following in relation to this motion:

- A one-page motion to require compliance and for sanctions (Dkt. 107);
- A seven-page memorandum in support of that motion (Dkt. 109);
- A five-page reply brief (Dkt. 113);
- A five-page supplemental motion, approximately three pages of which are copy-pasted from Dkt. 109 (Dkt. 117);
- A fifteen-page memorandum in support of the supplemental motion, approximately 2.5 pages of which are copy-pasted from Dkt. 113 (Dkt. 118);
- A nine-page reply brief (Dkt. 121);
- Several exhibits.

Altogether, Plaintiffs' counsel wrote approximately thirty-six unique, double-spaced pages in relation to this motion. Plaintiffs' counsel also presented the motion in a single eighteen-minute oral argument before the Court on August 15, 2019. (*See* Dkt. 116.) Finally, Plaintiffs' counsel had to read WSMC's responsive briefs in order to formulate arguments in reply. For this work, Plaintiffs' counsel seeks the grossly inflated fee of $108,858.

Plaintiffs' lawyers have failed to meet their burden as the fee applicants to demonstrate the reasonableness of the rates requested and the hours expended. They have provided the Court with vague time entries, many of which appear duplicative. And the average hourly rate of approximately $1,080 per hour ($108,858 ÷ 100.8 hours), which Plaintiffs' counsel proposed with no support other than self-serving affidavits, is also excessive.

The Court finds that forty hours would have been a more reasonable amount of time to spend on work related to the motion for sanctions, considering the approximately thirty-five pages of writing and eighteen minutes of oral argument involved. Plaintiffs' counsel has provided the Court with no information on which to assess a reasonable market rate for their services. The Court

must therefore turn to the next best evidence, the rate charged by lawyers in the relevant community of reasonably comparable skill, experience, and reputation. *People Who Care v. Rockford Bd. of Educ. Sch. Dist. No. 205*, 90 F.3d 1307 (7th Cir. 1996). In a recent class action lawsuit in this district, Clifford Law Offices recouped fees at the rate of $600 per hour. *In Re Nat'l Coll. Athletic Assoc.*, 13 CV 9116, 332 F.R.D. 202 (N.D. Ill. 2019) (Lee, J.). That is the best evidence available to this Court of Plaintiffs' counsels' market rate, so the Court will incorporate that $600 figure into its lodestar calculation. Thus, the Court finds that $24,000 ($600 x 40 hours) is a reasonable fee for the services rendered in bringing the motion for sanctions. Consistent with the Court's earlier order, WSMC shall pay three-times that amount, or $72,000.

## CONCLUSION

The Court denies WSMC's motion for reconsideration [127] because it neither presents newly discovered evidence nor raises a manifest error of law. The Court also orders WSMC to pay $72,000, which is three-times Plaintiffs' reasonable fees related to the motion for sanctions.

_____
Virginia M. Kendall
United States District Judge

Date: February 14, 2020